405 F.2d 913
 UNITED STATES of America, Plaintiff-Appellant,
v.
1,516.90 ACRES OF LAND, MORE OR LESS, Situate in STEWART
COUNTY, STATE OF TENNESSEE, and Cecil Boren, et
al., Tract No. 7307-- Billy Preston
Keatts, et ux., Defendants-Appellees.
 No. 18105.
 United States Court of Appeals Sixth Circuit.
 Nov. 25, 1968, Rehearing Denied Jan. 17, 1969.
 
 Raymond N. Zagone, Department of Justice, Washington, D.C. Harold S. Harrison, Acting Asst. Atty. Gen., Roger P. Marquis, Atty., Department of Justice, Washington, D.C., Gilbert Merritt, Jr., U.S. Atty., Robert E. Lee, Asst. U.S. Atty., Nashville, Tenn., on brief, for appellant.
 Lewis S. Pope, Nashville, Tenn., James C. Cunningham, Clarksville, Tenn., on brief, for appellees.
 Before EDWARDS, McCREE, and COMBS, Circuit Judges. COMBS, Circuit judge.
 
 
 1
 In January, 1962, the United States filed proceedings to condemn interests in 1,516.90 acres of land for use in the Barkley Dam and Barkley Lake Project.[1] Included in this tract were some 140 acres of Billy Preston Keatts' 188-acre farm in Stewart County, Tennessee. The District Court appointed a threemember commission to try the issue of just compensation to the landowner (defendant-appellee), a procedure authorized by Rule 71A(h), Federal Rules of Civil Procedure. The commission's report awarded damages in the amount of $23,950. Exceptions to the report were filed by the appellee and, upon consideration of the record, the District Judge increased the award of damages to $29,500. The Government appeals. We affirm.
 
 
 2
 The Government presented three expert witnesses who testified as to the value of the land before and after the taking. None of the witnesses saw the property in question until more than three years after the taking. On reviewing the record made before the commission, the District Judge held that the opinions of the Government witnesses should have been disregarded since they 'were not properly qualified, and no showing was made that their opinions were derived from a consideration of the property at the time of taking.' The Government complains that this was error.
 
 
 3
 Each of the Government witnesses was experienced in property appraisal and each based his opinion to some extent on comparable sales. The question is whether their delayed viewing of the property authorized the District Judge to disregard their testimony. We are of the opinion that this testimony should not have been totally disregarded. We would agree that the three-year delay by Government witnesses in appraising the property, and the failure of the Government to show that the condition of the property had remained unchanged seriously impaired the persuasive effect of these witnesses. Even so, the witnesses were not disqualified and their testimony should have been given some weight. As the Third Circuit said in United States v. 60.14 Acres of Land, 362 F.2d 660,669 (3d Cir. 1965): 'If there be a difference in the reliability of information currently received and that which is retrospectively obtained, it is a difference which goes merely to the weight of the evidence and not to the competency of the witness.' See also Denver Union Stock Yard Co. v. United States, 304 U.S. 470, 58 S.Ct. 990, 82 L.Ed. 1469 (1938).
 
 
 4
 There was wide disparity between the value estimates of the landowner's witnesses and those of the Government's experts. This testimony ranged as follows:
 
 
 5
 Landowner's Value
 Witnesses Before Taking After Taking Difference
 No. 1 $62,000 $5,000 $57,000
 No. 2 61,000 3,000 58,000
 No. 3 50,000 3,000 47,000
 No. 4 61,000 3,250 57,750
 No. 5 55,000 4,000 51,000
Government's
 Witnesses
 No. 1 $20,500 $2,700 $17,800
 No. 2 19,300 3,420 15,880
 No. 3 18,837 3,000 15,837
 
 
 6
 The landowner and his witnesses were all farmers and all had long familiarity with land and its productivity, but had no wide experience in real estate values and did not base their estimates on comparable sales.
 
 
 7
 The commission found the before taking value as $27,950 and the after taking value as $4,000, thus finding damages of $23,950. It is clear that the commission relied heavily upon the testimony of the Government's witnesses and gave little weight to the testimony of the landowner's witnesses. Our review of the record convinces us that, while the District Judge should not have completely disregarded the Government's witnesses, he did not abuse his discretion in finding that the commission's report was clearly erroneous.
 
 
 8
 The Government contends that, even if it should be conceded that the District Judge properly found the commission's report was clearly erroneous, he had no authority to make his own findings as to damages. We disagree. Rule 71A(h), Federal Rules of Civil Procedure, incorporates by reference Rule 53(e)(2) which governs district court review of a master's findings and provides, in pertinent part: 'The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.' The Supreme Court, speaking of the district court's authority in this regard in United States v. Merz, 376 U.S. 192, 199, 84 S.Ct. 639, 644, 11 L.Ed.2d 629 (1964), said: 'It may 'modify' the report on the basis of the record made before the commissioners * * *.' See also United States v. Carroll, 304 F.2d 300 (4th Cir. 1962). We are of the opinion that on the basis of this record the District Judge, after properly finding that the commission's report was clearly erroneous, had authority under Rule 71A(h) to make his own findings and modify the report accordingly. He, of course, could not properly make a finding which was not supported by competent evidence.
 
 
 9
 It is apparent to us that the District Judge did give consideration to the testimony of the Government witnesses even though he did not accept their opinions as to value. We note the following statement in his memorandum opinion: 'Upon a review of the entire record in this cause, * * *'; also this statement: 'The Court has reviewed the record, giving special attention to the testimony relating to the productivity of the land taken, its location and all relevant factors * * *.' Since the Government witnesses testified to the location of the land and to other relevant factors pertaining to its value, we construe the judge's memorandum to mean that he considered this testimony but gave less regard to the opinions of these witnesses as to value because of their three-year delay in viewing the property. This is the only logical construction to place upon the judge's statements. Otherwise, he would have had before him only the testimony of the landowner's witnesses, and the lowest estimate by any of them was $47,000. Since the award to the landowner was fixed at $29,500, it must be assumed that he gave consideration to testimony justifying the lower figure. We will not indulge the presumption suggested by the Government that the District Judge plucked this figure out of thin air.
 
 
 10
 We observe in conclusion that the award fixed by the District Judge is fully justified by the record and no useful purpose would be served by a remand of the case for a mere formalistic reconsideration by the judge of a record with which he obviously is already thoroughly familiar. We also make the observation that under Rule 71A the District Judge has wide latitude to act as an impartial arbiter to protect the interests of both the landowner and the Government. We think that has been done here and we are not inclined to invoke a technical rule of procedure which would prolong this litigation without any discernible benefit to either party.
 
 
 11
 The judgment is affirmed.
 
 
 12
 McCREE, Circuit Judge (dissenting).
 
 
 13
 I respectfully dissent from the opinion of the Court. The District Judge should not have disregarded the opinions of value expressed by appellant's witnesses. The remoteness of their view of the property should affect only the weight to be accorded their testimony and not its admissibility. Since the District Judge disregarded this testimony, he was thereby deprived of a range within which to make his own finding modifying the Commission's report. Since it was error to disregard the opinion testimony offered by appellant, I would remend with instructions to consider this testimony and to make an appropriate disposition.
 
 
 
 [1]
 Public Law 83-780 (September 3, 1954)